UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA PAISANO, | No. 2:22-cv-0641 TLN CKD P |
| Petitioner, | |
| v. | ORDER |
| ANISSA DE LA CRUZ, | |
| Respondent. | |

    Petitioner is a California prisoner proceeding with counsel with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondent's motion to dismiss claims 4 and 5 in petitioner's second amended petition for writ of habeas corpus as time barred is submitted to the court for decision.

    A hearing was held in this matter on March 6, 2025.  At the hearing, petitioner was informed that one of her attorneys, Aaron Spolin, is the subject of disciplinary proceedings before the California State Bar.  Petitioner was also informed that a potentially meritorious argument for equitable tolling of the limitations period based upon Mr. Spolin's late filing of a petition for collateral relief at the California Court of Appeal was not raised in petitioner's opposition to the pending motion to dismiss.[1]

---

[1] At this juncture, it is premature for the court to determine whether the potential conflict of

Petitioner was given 30 days to inform the court how she wishes to proceed in terms of her representation. In order to assist petitioner in making her decision, this matter has been referred to the court's ADR and Pro Bono Coordinator so that she may find counsel to assist petitioner. The appointment of counsel is limited to advising petitioner on the potential conflict of interest concerning Mr. Spolin and to providing conflict-free advice on how to proceed in this case. The appointment of counsel order will terminate once petitioner files a notice indicating whether: 1) she wants Mr. Spolin and his law firm to continue to represent her; 2) whether she wants to retain new counsel; or, 3) whether she wants to proceed pro se and request the appointment of counsel by the court if she is indigent.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 30 days, petitioner shall inform the court whether she wishes to continue being represented by Criminal Appeals Advocates. If petitioner terminates representation, petitioner must indicate whether she will proceed pro se or hire an attorney outside of Criminal Appeals Advocates. If petitioner elects to proceed pro se, she may move for appointment of counsel. Petitioner is informed, however, that there is no right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Title 18 U.S.C. § 3006A authorizes the appointment of counsel "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases.

2. Mr. Michael McKneely is appointed to represent petitioner. The appointment is limited to assisting petitioner in making an informed decision as to whether she wishes to continue being represented by Mr. Spolin's firm and will terminate once a decision has been made. Mr. McKneely will make arrangements to meet with petitioner.

/////

/////

/////

---

interest is imputed to other attorneys at Mr. Spolin's law firm.

2

3. The Clerk of the Court shall serve this order on Mr. Michael McKneely, 2300 Tulare Street, Suite 250, Fresno, CA, 93721.

4. The Clerk of the Court shall also serve this order on Norma Paisano, CDCR # WE-6801, Central California Women's Facility (CCWF), P.O. Box 1501, Chowchilla, California, 93610.

Dated: March 6, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
pais0641.stat(2)