UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA PAISANO,<br><br>        Petitioner,<br><br>   v.<br><br>ANISSA DE LA CRUZ,<br><br>        Respondent. | No. 2:22-cv-0641 TLN CKD P<br><br>ORDER |

Petitioner is a California prisoner proceeding pro se with a petition for a writ of habeas corpus. On March 7, 2025, the court ordered as follows:

   1. Within 30 days, petitioner shall inform the court whether she wishes to continue being represented by Criminal Appeals Advocates. If petitioner terminates representation, petitioner must indicate whether she will proceed pro se or hire an attorney outside of Criminal Appeals Advocates. If petitioner elects to proceed pro se, she may move for appointment of counsel. Petitioner is informed, however, that there is no right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Title 18 U.S.C. § 3006A authorizes the appointment of counsel "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases.

   2. Mr. Michael McKneely is appointed to represent petitioner. The appointment is limited to assisting petitioner in making an informed decision as to whether she wishes to continue being represented by Mr. Spolin's firm and will terminate once a decision has been made. Mr. McKneely will make arrangements to meet with petitioner.

On March 31, 2025, the court extended the deadline for petitioner to make the above election to April 30, 2025.

The court has learned from Mr. McKneely that petitioner did not receive either the March 7 or March 31 order and surmises that was most likely due to a clerical error by court staff. Today, the orders were re-served on petitioner at the correct address.

Good cause appearing, the court will grant petitioner until May 30, 2025, to make the required election. To be clear, petitioner's election must be delivered to prison officials for mailing no later than May 30, 2025. As it appears Mr. McKneely has completed his assigned task of "assisting petitioner in making an informed decision as to whether she wishes to continue being represented by [Criminal Appeals Advocates]" his appointment as counsel for petitioner will be terminated. The court is appreciative of Mr. McKneely's assistance.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner is granted until May 30, 2025, to inform the court whether she wishes to continue being represented by Criminal Appeals Advocates. If petitioner terminates that representation, petitioner must indicate whether she will proceed pro se or hire an attorney outside of Criminal Appeals Advocates. If petitioner elects to proceed pro se, she may move for appointment of counsel. Petitioner is again informed, however, that there is no right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Title 18 U.S.C. § 3006A authorizes the appointment of counsel "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases.

2. The appointment of Mr. Michael McKneely as counsel for petitioner is terminated.

3. The Clerk of the Court shall serve this order on petitioner and all counsel currently of record.

Dated: April 29, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
pais0641.stat(4)

2